KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK KROTOSKI (CABN 138549)
Acting Chief, Criminal Division

MICHELLE MORGAN-KELLY (DEBN 3651)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California  94612
    Telephone:  (510)637-3705
    Facsimile: (510)637-3724

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 06 0326 SI |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] |
| | ) | ORDER OF DETENTION |
| v. | ) | PENDING TRIAL |
| | ) | |
| | ) | |
| CLIFFORD DURHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter came before the Court on June 5, 2006 for a detention hearing. Defendant Clifford Durham was present and represented by Assistant Federal Public Defender Ron Tyler.  Assistant United States Attorney Michelle Morgan-Kelly appeared for the United States of America.

      Pretrial Services submitted a report to the Court and the parties recommending detention, and a representative of Pretrial Services was present at the hearing.  The government requested detention, and the defendant opposed.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

DETENTION ORDER
No. CR 06 0326 SI

Upon consideration of the facts, proffers, and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.  The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.  Accordingly, the Court concludes that the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted.  These factors are:

(1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

(2)  the weight of the evidence against the person (§ 3142(g)(2));

(3)  the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the defendant is accused of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  The government proffered that defendant was stopped at the San Francisco Airport on April 10, 2006 for a routine secondary border inspection and was found in possession of images depicting minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256.

The second factor, the weight of the evidence, is considered the least important of the factors.  The Bail Reform Act neither requires nor permits a pretrial determination of guilt.

*United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991).  However, the weight of the evidence appears strong and indicates that defendant possessed roughly 200 images depicting nude minors in a folder called "China girl" contained on an external hard drive.

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate against the defendant and in favor of detention.  The Pretrial Services Report confirms the defendant has a criminal history that includes a 1991 conviction on four felony counts of lewd and lascivious acts on a child.  The government proffered that these acts involved a five-year-old girl.  The defendant's criminal history also reveals a charge for failure to register as a sex offender.  In addition, defendant has been living in China for approximately seven months, and was returning to the United States to sell his home in Berkeley and move permanently to China.  Defendant also owns a home in China and has a girlfriend there.

Accordingly, based on all of the evidence above, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, and finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

DETENTION ORDER
No. CR 06 0326 SI                   3

1   (3) on order of a court of the United States or on request of an attorney for the
2   government, the person in charge of the corrections facility in which the defendant
3   is confined shall deliver the defendant to an authorized Deputy United States
4   Marshal for the purpose of any appearance in connection with a court proceeding.

6   Dated: 7-7-06                                        ~~NANCY VADAS~~  HON. MARIA-ELENA JAMES
7                                                        United States Magistrate Judge

DETENTION ORDER
No. CR 06 0326 SI                         4