IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00326 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER** |
| v. | |
| CLIFFORD DURHAM, | |
| Defendant. | |

On July 20, 2006, the Court heard argument on defendant's motion for revocation of the detention order previously issued in this matter by Magistrate Judge Maria-Elena James. Having considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court hereby DENIES defendant's motion.

**BACKGROUND**

Defendant Clifford Durham, a convicted sex offender, is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Durham was arrested at the San Francisco International Airport on April 10, 2006, when he sought to reenter the United States following an extended visit to China. When customs officers subjected Durham to a routine secondary border inspection, they found an external hard drive in Durham's possession that contained images depicting nude minors in a folder labeled "China Girl."

Durham was charged with possession of child pornography on May 4, 2006. He was subsequently arrested, and was provided with a detention hearing on June 5, 2006. At the detention hearing, Judge James found that Durham presented both a danger to the community and a risk of flight.

Accordingly, she ordered him detained before trial. Durham now seeks review of that order.

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), a criminal defendant is entitled to have a magistrate judge's detention order reviewed by "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). This Court reviews Judge James' detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).

18 U.S.C. § 3142 governs pretrial detention of criminal defendants. Under the procedures set forth in the statute, criminal defendants are ordinarily entitled to go free before trial. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) In "rare circumstances," however, a court may order a defendant detained pending trial. *Id.* These circumstances are limited to those in which a judge finds that "no condition or combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2) "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e). In this case, the government bears the burden of proving by a preponderance of the evidence that no condition can reasonably assure Durham's appearance, and of proving by clear and convincing evidence that no condition can reasonably assure that defendant will not present a danger to the community. *See* 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); *Motamedi*, 767 F.2d at 1407 ("[T]he Government's burden in denying bail on the basis of flight risk is that of the preponderance of the evidence . . . ."). In determining whether either circumstance exists, the Court is required to take into account the following:

(1) The nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

2

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

## DISCUSSION

Judge James found that Durham presented both a risk of flight and a danger to the community and therefore ordered him detained. The Court finds it a close question whether the government has established by clear and convincing evidence that no condition or combination of conditions of release can reasonably assure the community against the danger that Durham would present while on release, but agrees that Durham presents a risk of flight. It therefore DENIES defendant's motion to revoke Durham's pretrial detention.

### A.  Danger to the Community

Judge James found that the consideration of the § 3142(g) factors warranted a finding by clear and convincing evidence that Durham presented a danger to the community which could not be mitigated by any condition or combination of conditions of release. First, Judge James found that Durham was accused of possessing almost 200 images of nude children, and that the weight of the evidence against Durham was strong. More importantly, however, Durham was convicted of molesting a five-year-old child in 1991. Although she did not explicitly state this conclusion, the similarity of the offenses likely led Judge James to conclude that Durham presented a risk to children in the community.

The Court agrees that Durham presents a higher risk to the community than many who are charged with possession of child pornography. While with many such defendants one must address the difficult question whether they will ever act on their sexual interest in children, Durham actually has been convicted of molesting a young child. Moreover, at least some of the pictures in Durham's possession were apparently amateur photographs, raising the possibility that he actually had contact with and photographed the minors in the pictures.

3

While the Court finds that this evidence demonstrates that Durham may present a danger to the community and, based on a preponderance of the evidence standard, would find that conditions of release are unlikely to mitigate this danger, it cannot find the evidence here sufficient to satisfy the clear and convincing evidence standard. Durham's sole conviction, of any type, occurred fifteen years ago. It appears that Durham has not even been charged with any crime since. Under these circumstances, the government has not produced clear and convincing evidence to demonstrate that home detention with electronic monitoring and/or GPS tracking, coupled with stringent behavioral restrictions, would be inadequate to mitigate Durham's pretrial danger to the community. The Court therefore disagrees with Judge James' detention order to the extent that it is based on the danger to the community that Durham presents.

### B.     Risk of Flight

Judge James also found that there were no conditions that could reasonably assure the appearance of Durham at trial. On this point the Court wholeheartedly agrees. Durham is in the process of moving to China. At oral argument, the Court learned that he has spent much of the past two or three years there. Prior to his return to the United States in April 2006, Durham had spent the last seven months in China, where he owns property and has a girlfriend. In fact, the only reason Durham returned to the United States was to sell his house.

While Durham has strong ties to China, he appears to have very few to this country. It is unclear what blood relatives Durham has in the United States. While he has been married five times, he does not seem particularly close to his ex-wives; he could not even remember one ex-wife's name. The only ties to the country that Durham presented were three friends: one who is purchasing Durham's house, and has agreed to let Durham continue living there until his trial is over; one who is willing to post a $100,000 bond on Durham's behalf; and an ex-wife who has offered to serve as a surety but does not have sufficient assets to post a significant sum. These ties do not strike the Court as deep enough to reasonably assure Durham's appearance at trial.

Defense counsel suggests that Durham could be subject to less severe restrictions than detention, such as having his passport confiscated or participating in home monitoring. The problem with these

4

alternatives, however, is that they cannot prevent Durham from the relatively simple task of obtaining a false passport and fleeing to his new home. Durham fully admits that he is moving his life to China, and defense counsel has not provided the Court with any reason why Durham would feel compelled to delay his move and remain in the United States awaiting his trial. In short, no one has suggested to the Court any restriction or combination of restrictions that would "reasonably assure" Durham's appearance in this case.

The Court therefore finds that the government has established by a preponderance of the evidence that Durham must be detained in order to reasonably assure his appearance at trial. Accordingly, defendants' motion for revocation of the detention order is DENIED.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby DENIES defendant's motion (Docket No. 15).

**IT IS SO ORDERED.**

Dated: July 24, 2006

SUSAN ILLSTON
United States District Judge