IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00326 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO FILE JUDICIAL RECORD UNDER SEAL** |
| v. | |
| CLIFFORD DURHAM, | |
| Defendant. | |

On June 18, 2012, defendant Clifford Durham submitted to the Court a "Motion to (Temporarily) File Judicial Record Under Seal." *See* Dkt. 60. Durham was sentenced on September 21, 2007 to 120 months in prison for possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). In his motion, Durham informs the Court that he is currently incarcerated at FCI Big Spring in Big Spring, Texas, a low security facility. Durham argues that he faces a heightened risk of violence due to the nature of his conviction. He moves the Court to seal his judicial record until his release, particularly a July 24, 2006 Order Denying Defendant's Motion for Revocation of Detention currently published on the LexisNexis website (and available to other inmates) at *United States v. Durham*, 2006 U.S. Dist. LEXIS 55860 (N.D. Cal. 2006).

The Ninth Circuit has addressed whether orders issued in cases involving sex offenders should be filed under seal based on the defendant's fear of violence while incarcerated. *See United States v. Stoterau*, 524 F.3d 998, 1012-13 (9th Cir. 2008). The Ninth Circuit recognized the "fundamental importance of issuing public decisions after public arguments based on public records," and stated that "any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *Id.* Noting the defendant's concern was

"equally present for all similarly situated sex offenders who face prison sentences," the court found that the circumstances were not "sufficiently exceptional" to warrant sealing. *Id.* The court also denied on the same grounds the defendant's motion to use a pseudonym. *Id.*

That holding controls here. Durham's circumstances are not sufficiently exceptional to warrant the sealing of his records. The Court notes, however, that prison officials must ensure the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Pursuant to 42 U.S.C. § 1983, under certain circumstances, prison officials may be held liable for harm sustained by inmates. *Id.* ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.").

Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 5, 2012

SUSAN ILLSTON
United States District Judge

2